IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MONICA D. JORDAN | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | _____ |
| | ) | |
| DOLGENCORP, LLC | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Monica D. Jordan ("Jordan") and files this Complaint against Defendant Dolgencorp, LLC ("DG"), by and through her undersigned counsel, as follows:

### INTRODUCTION

1. This action arises out of Defendant DG's unlawful failure to pay Jordan overtime pay for hours worked over 40 hours per week in compliance with the Fair Labor Standards Act ("FLSA"). Throughout her employment as a "Store Manager," DG improperly and unlawfully classified Jordan as an FLSA-exempt, executive-level employee, despite the fact that the vast majority of Jordan's time was spent performing non-exempt manual labor, and despite the fact that Jordan had very little managerial or executive discretion. DG treated

Jordan as exempt primarily in order to have an employee that it could pay a "flat rate" salary without overtime pay, yet require her to work 60-90 hours per week performing the multitude of manual tasks that allowed its stores to operate. DG is liable to Jordan for overtime pay for all hours that she worked over 40 hours per week at a rate of 1 ½ times her statutorily-calculated hourly rate of pay, plus all statutory damages and attorneys fees due to the willful and knowing nature of DG's violation.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter, which arises under federal law. 28 U.S.C. § 1331.

3. Venue is proper in this district and division because Defendant resides herein. 28 U.S.C. § 1391(b)(1).

## PARTIES

4. Jordan is a citizen of the State of Georgia who resides in Williamson, Georgia.

5. DG is a corporation organized under the laws of the State of Kentucky. DG is licensed to do business in Georgia, has a registered agent in Georgia, conducts substantial business in Georgia, and is subject to the personal jurisdiction of this Court. DG may be served through its registered agent for

service of process, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## FACTS

6. DG operates hundreds of discount retail stores throughout the United States under the name "Dollar General." Dollar General is a retailer of basic consumable goods, including cleaning supplies, health and beauty aids, food, housewares, toys, and basic apparel

7. Jordan began working for DG on or about January 10, 2009 as a Store Manager for Store 6111 in Zebulon, Georgia.

8. Upon taking the position, Jordan was informed that she would work between 45-48 hours per week.

9. However, at the Zebulon store, Jordan actually was required to work approximately 60-65 hours per week.

10. In October 2010, DG transferred Jordan to Store 6084 in Griffin, Georgia, where she also worked as a Store Manager.

11. At the Griffin store, Jordan was required to work an average of approximately 70 hours per week, at times working up to 90 hours per week.

12. DG improperly classified Jordan as exempt from the FLSA for purposes of overtime law.

13. Throughout her employment, DG did not pay Jordan overtime for the hours that she worked over 40 hours per week.

14. Jordan's District Manager was Dennis Reagan.

15. Reagan regularly required Jordan to work in excess of 60 hours per week, sometimes requiring her to work as many as 90 hours per week.

16. Reagan would often order Jordan to "cut payroll" by cutting the hours of hourly employees and working those shifts herself.

17. At all times relevant to this Complaint, Jordan spent approximately 80-90% of her working hours performing manual labor that involved little to no managerial discretion, and no executive decision-making authority. The vast majority of her working hours were spent performing duties such as:

    a. Stocking shelves;

    b. Unloading merchandise from delivery trucks;

    c. Sweeping, mopping, and otherwise cleaning the premises;

    d. Moving merchandise around on shelves to comply with company-dictated "planograms";

    e. Running the cash register;

    f. Performing security at the store by monitoring possible shoplifters.

18. Jordan was normally unable to assign these duties to other employees, because she was either the only employee working in the store, or

there was only one other employee in the store, such that Jordan was required to perform nearly all these duties herself.

19. Jordan spent only between 10-20% of her working hours performing "paperwork" type labor that arguably was managerial in nature. For example, Jordan was required to check invoices from vendors to ensure they matched the orders received, and she was required to ensure that all tasks listed on a daily "task list," which was itself dictated by her district manager, were completed.

20. Jordan often took paperwork home with her, because the manual, non-managerial tasks of her job consumed her time from store opening to store closing.

21. Jordan had little to no managerial discretion. Employee scheduling and daily planning for the tasks to be performed on any given day was largely dictated by the District Manager.

22. Jordan resigned her employment on December 16, 2011, in large part due to stress, exhaustion, and undignified working conditions.

## LEGAL CLAIM

23. By this reference, Jordan fully incorporates all factual allegations as if set forth herein.

24. Throughout Jordan's employment, DG improperly classified Jordan as exempt from the FLSA.

25. Throughout Jordan's employment, DG permitted or required Jordan to work in excess of forty hours per week, without paying her overtime pay, in violation of the FLSA.

26. DG's improper classification of Jordan, and its refusal to pay her overtime, was willful and knowing.

27. DG is liable for all unpaid overtime, plus statutory damages, plus attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Jordan prays that the Court grant the following relief:

(a) afford her a trial by jury on all issues so triable;

(b) issue a finding that DG improperly classified Jordan as exempt from the FLSA and improperly failed to pay her overtime compensation;

(c) issue a finding that DG willfully failed and refused to pay Jordan overtime compensation in accordance with the FLSA;

(d) award Jordan all unpaid overtime for the maximum period permitted by the FLSA;

(e) award Jordan liquidated damages in an amount equal to the amount of unpaid overtime, pursuant to the FLSA;

(f) award Jordan attorneys' fees and costs, pursuant to the FLSA;

(g) award Jordan such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted, this May 15, 2012.

*(signature)*

James E. Radford, Jr.
Georgia Bar No. 108007
*Counsel for Plaintiff*

James Radford, LLC
150 E. Ponce de Leon Ave, Suite 260
Decatur, Georgia 30030
(678) 369-3609
james@jamesradford.com