**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **MONICA D. JORDAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **NO.      1:12-cv-01696-JEC** |
| | § | |
| **DOLGENCORP, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## JOINT MOTION FOR ORDER APPROVING INDIVIDUAL SETTLEMENT

Plaintiff Monica D. Jordan ("Plaintiff") and Defendant Dolgencorp, LLC ("Defendant" or "Dollar General") (collectively referred to herein as "Parties") file this Joint Motion for Order Approving Individual Settlement, and would show the Court as follows:

## I.
### INTRODUCTION

In this Fair Labor Standards Act ("FLSA") action, the Plaintiff and Defendant jointly request that the Court enter a stipulated order approving the individual settlement reached between the Parties in resolution of a *bona fide* dispute regarding Plaintiff's asserted entitlement to damages under the FLSA. The Parties have negotiated an individual settlement in this action. They have agreed to resolve the disputed factual and legal issues on terms set forth in the individual settlement agreement, which is described below (the "Agreement").

The Parties now seek approval of the individual settlement. The Eleventh Circuit has set forth specific guidelines for approval of an FLSA settlement. As explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for

FLSA violations," the Parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353. *See also Boone v. City of Suffolk, Va.*, 79 F. Supp.2d 603, 605 (E.D. Va. 1999) (FLSA overtime settlement must be overseen by the Department of Labor or approved for fairness and reasonableness by a district court).

The Parties request that this Court consider this individual settlement under the procedures and standards set forth in *Lynn's Food Stores,* 679 F.2d at 1350. The Court will find, after scrutinizing the settlement, that the agreement is fair and should be approved. The settlement agreement reflects reasonable compromises of issues actually in dispute, the settlement was reached in an adversarial context in which the Plaintiff was represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

## II.
### Procedural History

Plaintiff filed this lawsuit in the United States District Court for the Northern District of Georgia, Atlanta Division on or around May 15, 2012, alleging that Defendant violated the FLSA. Defendant filed its Original Answer on or around July 13, 2012. Plaintiff has now reached an agreed settlement as to Plaintiff's claims in Plaintiff's lawsuit with Defendant.

Plaintiff claims that Plaintiff worked for the Defendant and was misclassified as an exempt employee. Plaintiff alleged Plaintiff regularly worked more than 40 hours in a workweek. As a result, Plaintiff contends that Plaintiff was denied overtime owed to Plaintiff for hours worked in excess of 40 in any workweek. Defendant denies that Plaintiff was misclassified. Defendant continues to deny any wrongdoing whatsoever and does not admit to any violation of law, statute, or regulation.

### III.
### THE COURT SHOULD APPROVE THE AGREEMENT

This Court should approve this Agreement because the settlement is the product of contested litigation, Plaintiff is represented by competent and experienced counsel, and the settlement agreement reflects a reasonable compromise over disputed issues.  The settlement provisions also are fair and reasonable.

An FLSA claim, except in two circumstances, cannot be waived or settled.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  The exceptions are (1) that the Secretary of Labor can supervise the payment of back wages, or (2) that the employer and employee present the proposed settlement to the district court for approval.  29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).  Both Plaintiff and Defendant request this Court to approve the Parties' individual settlement agreement.

Under this precedent, a district court, when reviewing a proposed settlement of an FLSA claim must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions."  *Id*. at 1353, 1355.  *Lynn's Food Stores* essentially established four factors for a district court to examine to determine whether to approve a FLSA Settlement:

1.      Was the settlement achieved in an adversarial context?

2.      Was the Plaintiff represented by attorneys who can protect their rights?

3.      Does the settlement reflect a reasonable compromise over issues that are actually in dispute?

4.      Is the settlement fair?

*Id*. at 1353-54.

The Agreed Stipulation, attached as **Exhibit 1** hereto, reveals that the settlement was negotiated at arm's length by experienced counsel who protected the rights of the Parties. The settlement reflects reasonable compromises regarding *bona fide* disputes between the Parties regarding the questions of liability and the amount of alleged damages under the FLSA. Furthermore, the Parties have agreed in the Agreed Stipulation that the settlement is fair, just, and adequate to settle the claims of the individual Plaintiff.

Here, the settlement is fair and reasonable. Plaintiff may get nothing if this case were to proceed to a summary judgment practice or through trial. Defendant strongly believes that this case is ripe for disposition on summary judgment because, per Plaintiff's deposition testimony, Plaintiff admitted that she performed managerial duties over 50% of the time. *See* 29 C.F.R. § 541.103 (2000) ("an employee who spends over fifty percent of his time in management would have management as his primary duty.") Moreover, she admitted performing all the managerial duties that Defendant contends to be primary to running a Dollar General retail store, which also entitles Defendant to summary judgment. *See*, 29 C.F.R. § 541.103 (examining factors other than time); *see also*, nineteen opinions by other Federal Courts, finding Dollar General Store Managers to be exempt, as a matter of law, as cited herein at § IV., *infra*.

Moreover, even if Plaintiff was to get to trial and then prevail at trial on the issue of liability, a process likely to consume several more months, Plaintiff may not be awarded more than the amount to which Plaintiff has agreed to settle at this stage. Finally, the settlement is the product of arms-length bargaining conducted by experienced legal counsel. The Court should, in any event, take into account the risks inherent in litigation. "The fact that a proposed settlement may only amount to a fraction of the potential recovery does not indicate that the settlement is not fair and reasonable," after taking into account the risks and costs of litigation. *Quintanilla v.*

*A&R Demolition Inc.*, No. 04-cv-1965, 2008 U.S. Dist. LEXIS 37449 (S.D. Tex. May 7, 2008) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974)).

The endorsement of the settlement by counsel for both Parties is a "factor that weighs in favor of approval." *Quintanilla*, 2008 U.S. Dist. LEXIS at *15. In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation. *Id.* at *14 (citing *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)). In this case, Plaintiff's attorneys are fully aware of the factual contentions of their client and are in the best position to opine as to whether this settlement produces fair results after consideration of risks.

### IV.
### ADDITIONAL FACTORS TO CONSIDER IN ASSESSING
### REASONABLENESS OF SETTLEMENT

Defendant asserts that its potential exposure in Plaintiff's claim is minimal, if any. Defendant's position is based, among other things, on the fact that other federal courts have repeatedly ruled that Dollar General Store Managers are exempt managerial employees whose primary duty is management, including nineteen such cases since May of 2010. *See King v. Dolgencorp* (No. 3:09-cv-00146 (M.D. Pa. May 6, 2010)); *Johnson v. DG Retail*, 2010 U.S. Dist. LEXIS 47416 (No. 1:08-cv-123 (D. Utah May 13, 2010)); *Noble v. Dolgencorp* (No. 5:09-cv-00049 (S.D. Miss. May 11, 2010)); *Hartman v. Dolgencorp of Texas, Inc.*, 2010 U.S. Dist. LEXIS 140314 (No. 6:09-cv-000009 (N.D. Tex. June 24, 2010)); *Mayne-Harrison v. Dolgencorp, Inc.*, 2010 U.S. Dist. LEXIS 98096 (No. 1:09-cv-42 (N.D. W.Va. September 17, 2010)); *Roberts v. Dolgencorp, Inc.*, 2010 U.S. Dist. LEXIS 122682 (No. 2:09-cv-0005 (M.D. Tenn. November 18, 2010)); *Speak v. Dolgencorp of Texas, Inc.* (No. 3:09-cv-124-F (N.D. Tex. December 28, 2010)); *Brown-Harrison v. Dolgencorp of Texas, Inc.* (No. 3:09-cv-116-F (N.D. Tex. December 28, 2010)); *Ravas-Houllion v. Dolgencorp, Inc.*, 2011 U.S. Dist. LEXIS 5048

(No. 4:09-cv-57-BR (E.D. North Carolina January 19, 2011)); *Rogers-Andrews v. Dolgencorp, Inc.*, 2011 U.S. Dist. LEXIS 5048 (No. 4:09-cv-58-BR (E.D. North Carolina January 19, 2011)); *Leonard v. Dolgencorp, Inc.*, 2011 U.S. Dist. LEXIS 56623 (No. 4:10-cv-57-H (W.D. Ken. May 23, 2011)); *Aschenbrenner v. Dolgencorp, Inc.*, 2011 U.S. Dist. LEXIS 60097 (No. 8:10-cv-00153 (D. Neb. June 3, 2011));  *Miscar v. Dolgencorp, Inc.* (No. 10:283-BAJ-SCR (M.D. La. November 23, 2011)); *Gonzalez v. Dolgencorp, Inc.*, 2011 U.S. Dist. LEXIS 137924 (No. 1:10-cv-392 (W.D. Michigan December 1, 2011)); *Cavins v. Dolgencorp, Inc.* (No. 1:10-cv-00261 (S.D. Ohio December 29, 2011)); *Dizer v. Dolgencorp, Inc.* (No. 3:10-cv-699 (W.D. La. January 12, 2012)); *Kreiner v. Dolgencorp, Inc.* (No. JFM-10-1062 (Dist. of Maryland January 30, 2012); *Gooden v. Dolgencorp, Inc.* (No. 3:10-cv-1059 (Dist. of South Carolina April 3, 2012)); and *Thomas  v. Dolgencorp, Inc.*, 2012 U.S. Dist. LEXIS 46667 (No. 3:10-cv-1061 (Dist. of South Carolina April 3, 2012)); *see also, Bledsoe v. Dolgencorp, Inc.*, U.S. Dist. LEXIS 23036 (C/A No. 3:99-3761-17 (Dist. of South Carolina October 4, 2000)).  Attached as **Exhibits 2-21** are true and correct copies of these opinions for the Court's consideration in relation to this Motion.

The Parties have entered into a proposed individual confidential settlement agreement to avoid the necessity, expense, inconvenience and uncertainty of litigation.  The Parties, with the Court's approval, would like to resolve and settle all claims and disputes between them arising out of, or in any way related to, Plaintiff's claims under the Fair Labor Standards Act.

Following the Parties' settlement negotiations, Plaintiff reached a confidential settlement agreement with Defendant.  While not intending to waive the confidential nature of the settlement agreement, the Parties are willing to submit the exact amount of the settlement, or the

settlement agreement itself, for *in camera* inspection (or, alternatively, to file the same under seal) to enable the Court to assess the reasonableness of the settlement if requested to do so.

## V.
### CONCLUSION

The Parties believe that the settlement reached was a fair and reasonable compromise of the respective positions of the Parties.  The Parties therefore respectfully request the Court approve the individual settlement and enter the Proposed Order.  Entry of the Proposed Order will "secure the just, speedy and inexpensive determination" of these actions in accordance with FED. R. CIV. P. 1.

Respectfully submitted this 21st day of March, 2013.


/s/ James E. Radford, Jr.

James E. Radford, Jr.

GA State Bar No. 108007

**James Radford, LLC**

150 E. Ponce de Leon Avenue, Suite 260

Decatur, GA  30030

Tel:     678-369-3609

**james@jamesradford.com**


**ATTORNEYS FOR PLAINTIFF**

/s/ Melissa M. Hensley

Joel S. Allen

TX State Bar No. 00795609

(Admitted *Pro Hac Vice*)

Melissa M. Hensley

TX State Bar No. 00792578

(Admitted *Pro Hac Vice*)

**MORGAN, LEWIS & BOCKIUS LLP**

1717 Main Street, Suite 3200

Dallas, TX  75201.7347

Tel:     214-466-4000

Fax:     214-466-4001

joal.allen@morganlewis.com

melissa.hensley@morganlewis.com


Anderson B. Scott

Georgia Bar No. 631940

Edward N. Boehm, Jr.

Georgia Bar No. 183411

**FISHER & PHILLIPS LLP**

1075 Peachtree Street, NE, Suite 3500

Atlanta, GA  30309

Tel:     404-231-1400

Fax:     404-240-4249

ascott@laborlawyers.com

tboehm@laborlawyers.com


**ATTORNEYS FOR DEFENDANT
DOLGENCORP, LLC**